IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CLYDE H. FREEMAN, et al., | * | |
| Plaintiffs, | * | |
| vs. | * | CIVIL ACTION NO. 93-0555-CB-M |
| CITY OF MOBILE, ALABAMA, A Municipal Corporation, | * | |
| Defendant. | * | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**MOTION TO SHOW CAUSE WHY THE CITY OF MOBILE SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR VIOLATION OF THE OVERTIME SETTLEMENT AGREEMENT AS TO THE PAYMENT OF OVERTIME BY MOBILE POLICE DEPARTMENT FOR ALL HOURS WORKED IN EXCESS OF 40 PAID HOURS IN A WORKWEEK**

**AND**

**MOTION FOR SANCTIONS AGAINST THE CITY OF MOBILE AND FOR THE AWARDING OF AN ATTORNEYS FEE FOR THE BRINGING OF THIS MOTION AND FOR AN AWARD OF AN ATTORNEYS FEE FROM ANY RECOVERY GENERATED FROM THIS ACTION**

These Motions seek the relief of this Court against the City of Mobile for the blatant and willful violation of the SETTLEMENT AGREEMENT in this cause. The following is submitted:

1. That the City of Mobile, by and through its attorneys of record, on October 1, 2001, entered into a SETTLEMENT AGREEMENT, with the then current and former Police Officers, to compensate for overtime hours, at a rate of one and one half (1 ½) times their regular rate of pay, worked in excess of 40

paid hours in a work week. (The SETTLEMENT AGREEMENT AND RELEASE, excepting the damage Exhibit, is hereinafter attached, incorporated, and marked as Exhibit A.)

2. The SETTLEMENT AGREEMENT in relevant part, provided:

"1. "Obligations of the City." The City will take the following steps to implement the *Memorandum of Agreement* attached as Exhibit 2:

    i. Beginning the first payroll period after October 1, 2001, ("Fiscal Year 2001-2002"), all police officers employed by the City will be paid overtime based on all hours paid in excess of 40 hours in a work week as provided in the Mobile County Personnel Board Rule 3.1(c).

    ii. Beginning the first payroll period after October 1, 2001, patrol officers and corporals assigned to "roll call" will report fifteen minutes before their scheduled 8-hour shifts. The fifteen minutes will be compensable time for all purposes, including the computation of overtime.

    iii. Beginning the first payroll period after October 1, 2001, lieutenants, sergeants and designated acting supervisors assigned to patrol will report to work twenty minutes before their regularly scheduled 8-hour shifts and will remain ten minutes after their regularly scheduled 8-hour shift to perform assigned duties. The thirty (30) minutes will be compensatory time for all purposes, including the

computation of overtime based on all hours paid in excess of 40 hours in a workweek.

iv. Police officers employed by the City will *not* be allowed to accumulate compensatory time off *in lieu* of paid overtime. Prospectively, Captains and above will be allowed one and one-half (1-1/2) hours compensatory time off for each overtime hour worked. Captains and above will not be paid monetarily for overtime and will not receive back pay."

3. The City of Mobile, in the SETTLEMENT AGREEMENT, paid back overtime pay to the Plaintiffs, and in a compromise settlement, it was specifically agreed that the City of Mobile would in the future compensate the Plaintiffs and all future Mobile Police officers for overtime for hours worked in excess of forty paid hours at the rate of one and one half (1 ½) times the employees' hourly rate or, in the alternative, award compensatory time, in lieu of overtime pay, and credit with one and one half (1 ½) hours of compensatory time off for each hour of overtime worked.

4. The City of Mobile, in accordance with the SETTLEMENT AGREEMENT, honored the settlement and began paying overtime in accordance with the Agreement beginning the first payroll period after October 1, 2001. (See Order of Chief Samuel M. Cochran hereinafter attached, incorporated, and marked as Exhibit B.)

5. Mayor Samuel L. Jones, without having applied for leave of Court, on or about July 10, 2008, had the Mobile County Personnel Board amend

3

Rule 3.1(c) of the Laws and Rules for the Mobile County Personnel Board such that the following words were added:

> "Payment for Overtime.  3.1(c) Employees **not engaged in fire protection or law enforcement activities**, non-exempt from the provisions of the Fair Labor Standards Act shall be compensated for overtime for all hours **worked** in excess of forty (40) hours per week at one and one half (1 ½) times the employees' hourly rate of pay, or in the alternative, shall be awarded compensatory time in accordance with the provisions of said Act.  **Employees engaged in fire protection or law enforcement activities shall be compensated for overtime in accordance with applicable law.  The foregoing notwithstanding, any Appointing Authority may opt to compensate any non-exempt employees for overtime on the basis of hours paid rather than hours worked.**  Overtime, at the option of the Budgeting Authority, may be paid in the pay period within which it was earned, but in any event shall be paid to the employee within fifteen (15) days after the end of the month within which such overtime was earned." (See July 10, 2008, Rule 3.1(c) Amendment hereinafter attached, incorporated, and marked as Exhibit C.)

6. Immediately after the Rule 3.1(c) amendment, even though the amended language of Rule 3.1(c) provided that "…law enforcement activities shall be compensated for overtime in accordance with applicable law."  Mayor Jones ordered that the City Payroll Department pay the Mobile Police Department employees, in violation of the SETTLEMENT AGREEMENT, overtime at the straight time rate of pay in those cases that should be paid overtime.  Additionally, the City is refusing to pay compensatory time, in lieu of overtime, at the rate of one and one half (1 ½) hours of compensatory time off for each hour of overtime worked.

7. The City of Mobile, per the instructions of the former Mayor Samuel Jones, not only refuses to honor the overtime agreement in this case but has instituted a policy as to the payment of overtime for the Mobile Police

Department which is different from the method of payment of overtime by the Sheriff's Office, Saraland Police Department, Chickasaw Police Department, Bayou la Batre Police Department, and all other municipalities under the control of the Mobile County Personnel Board.

8. The undersigned counsel delivered to Mayor Sam Jones a letter informing him of this Court's Order and SETTLEMENT AGREEMENT prior to Jones' implementing a pay policy in violation of the SETTLEMENT AGREEMENT in this case. (See June 25, 2008, letter to Sam Jones hereinafter attached, incorporated, and marked as Exhibit D.) Despite the personal knowledge of the City, the then Mayor Sam Jones proceeded to implement the present overtime policy for the Mobile Police Department such that overtime is paid only for hours worked in excess of forty hours per week as opposed to the SETTLEMENT AGREEMENT in this case that overtime be paid for all hours <u>paid</u> in excess of forty hours in a work week.

WHEREFORE, the above premises considered, it is moved:

1) That the City be Ordered to appear before this Court to show cause why the City of Mobile should not be held in contempt of Court for violation of the Overtime SETTLEMENT AGREEMENT;

2) That a hearing be held and, after such hearing, that this Court will enter an Order enforcing the SETTLEMENT AGREEMENT;

3) An Order for damages for all overtime wages, including interest, not paid by the City of Mobile from on or about July 2008 through the date of the finding of this Court;

4) Impose sanctions on the City of Mobile in such sum as to punish the City for its blatant and willful failure to comply with the SETTLEMENT AGREEMENT in this case;

5) Award an attorney's fee against the City of Mobile for the bringing of this Motion;

6) Enter an award of an attorney's fee in accordance with the previous contingency agreement from any recovery generated by this action, and/or pursuant to the common fund doctrine;

7) Enter an Order that the City, in the future, shall pay the Mobile Police Officers in accordance with the SETTLEMENT AGREEMENT in this case;

8) Enter an Order assessing the costs of Court against the City of Mobile, and enter any further and different Orders to which the Plaintiffs may be entitled.

> Respectfully submitted,
>
> /s/Joseph O. Kulakowski
> JOSEPH O. KULAKOWSKI, KULAJ1226
> Attorney for Plaintiffs
> 254 North Conception Street
> Post Office Box 2112
> Mobile, Alabama 36652
> Telephone Number (251) 433-9549
> Facsimile Number (251) 433-9559

CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 10th day of December, 2013, served a copy of the foregoing pleading, by electronic filing or by depositing a copy of same in the United States Mail, postage paid, as follows: Ricardo A. Woods, Esquire, Post Office Box 2287, Mobile, Alabama 36652-2287.

> /s/Joseph O. Kulakowski
> JOSEPH O. KULAKOWSKI, KULAJ1226

INSTRUCTIONS FOR SERVICE OF PROCESS

PLEASE SERVE THE MAYOR SANDY STIMPSON AT THE MOBILE MUNICIPAL COMPLEX BY SPECIAL PROCESS SERVER PURSUANT TO RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE